```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                               14 CR 130 (LAP)

SEAN ROBINSON,

               Defendant.

------------------------------x
                                           New York, N.Y.
                                           May 7, 2015
                                           10:15 a.m.

Before:

               HON. LORETTA A. PRESKA,

                                           District Judge


                    APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
ANDREA M. GRISWOLD
RICHARD A. COOPER
     Assistant United States Attorney

LOUIS V. FASULO
     Attorney for Defendant

ALSO PRESENT:  SPECIAL AGENT DAN McCAFFREY
               SPECIAL AGENT CHRIS CAMPBELL
```

1              (In open court)

2              THE COURT:  United States against Sean Robinson.

3              Is the government ready?

4              MS. GRISWOLD:  Yes.  Good morning, your Honor.  Andrea Griswold and Richard Cooper for the government.  With us at counsel table, Special Agents Dan McCaffrey and Chris Campbell with the FBI.

8              THE COURT:  Good morning.

9              Is the defense ready?

10             MR. FASULO:  Yes, your Honor.  It is Louis Fasulo, Fasulo Braverman & Di Maggio.  My client is seated to my left, Mr. Sean Robinson.

13             THE COURT:  Good morning.

14             Counsel, do I correctly understand that Mr. Robinson wishes to change his plea?

16             MR. FASULO:  That is correct, Judge.  He wishes to enter a plea to Count One of the indictment.

18             THE COURT:  Mr. Robinson, would you stand and raise your right hand, please.

20             (Defendant sworn)

21             THE COURT:  Sir, do you understand that you're now under oath, and if you answer my questions falsely, your answers may later be used against you in a prosecution for perjury or the making of a false statement?

25             THE DEFENDANT:  Yes, your Honor.

1                THE COURT:  How old are you, sir?
2                THE DEFENDANT:  23.
3                THE COURT:  Where were you born?
4                THE DEFENDANT:  Brooklyn, New York.
5                THE COURT:  You're a citizen of the United States?
6                THE DEFENDANT:  Yes.
7                THE COURT:  You read, write, speak, and understand
8     English; is that right?
9                THE DEFENDANT:  Yes, your Honor.
10               THE COURT:  How far did you go in school?
11               THE DEFENDANT:  I have my GED, your Honor.
12               THE COURT:  Excellent.
13          Are you currently or have you recently been under the
14    care of a doctor or a psychiatrist?
15               THE DEFENDANT:  No, I haven't.
16               THE COURT:  Have you been hospitalized or treated
17    recently for alcoholism, narcotic addiction, or any other type
18    of drug abuse?
19               THE DEFENDANT:  No, ma'am.
20               THE COURT:  Have you ever been treated for any form of
21    mental illness?
22               THE DEFENDANT:  No, ma'am.
23               THE COURT:  Are you currently under the influence of
24    any substance, such as alcohol, drugs, or any medication that
25    might affect your ability to understand what you're doing here

1    in court today?
2            THE DEFENDANT:  No, ma'am.
3            THE COURT:  Do you feel well enough to understand what
4    you're doing here in court today?
5            THE DEFENDANT:  Yes, ma'am.
6            THE COURT:  Sir, have you received a copy of the
7    indictment against you, S4 14 CR 330?
8            THE DEFENDANT:  Yes, your Honor.
9            THE COURT:  Have you gone over it with Mr. Fasulo?
10           THE DEFENDANT:  Yes, your Honor.
11           THE COURT:  Has he explained the charges against you?
12           THE DEFENDANT:  Yes, your Honor.
13           THE COURT:  Have you told him everything that you know
14   about the matters that are set forth in that indictment?
15           THE DEFENDANT:  Yes, your Honor.
16           THE COURT:  You haven't held anything back from him,
17   have you, sir?
18           THE DEFENDANT:  No, your Honor.
19           THE COURT:  Counsel, do I correctly understand that
20   there is an agreement between the defendant and the government,
21   which is dated April 30, 2015, and which is signed May 7, 2015?
22           MR. FASULO:  Yes, your Honor.
23           MS. GRISWOLD:  Yes, your Honor.
24           THE COURT:  May I ask the government to summarize,
25   please, the terms and conditions of the agreement.

1             MS. GRISWOLD:  Yes, your Honor.

2             Under the agreement, the defendant has agreed to plead
3    guilty to Count One of the indictment; specifically, Hobbs Act
4    robbery.  Within that Count One, there are specific robberies
5    that are outlined in the agreement at pages 2, 3, and 4:
6    Specifically, a robbery on July 1, 2013, in Atlantic City, New
7    Jersey; a robbery on September 23, 2013, in Brooklyn, New York;
8    a robbery on October 28, 2013, in New York, New York; a robbery
9    on November 3, 2013, in New York, New York; and a robbery on
10   November 6, 2013, in New Canaan, Connecticut.

11            Under the plea agreement --

12            MR. FASULO:  There is one more.

13            THE COURT:  Sir, Mr. Fasulo, did you say something?

14            MR. FASULO:  There is one more.

15            MS. GRISWOLD:  Thank you, Mr. Fasulo.

16            Also, a robbery in Cranford, New Jersey, on January 9,
17   2014.

18            Under the plea agreement, the stipulated guidelines
19   range agreed to by the parties is actually a stipulated
20   guideline sentence of 240 months.  That stipulated guideline
21   sentence includes an offense level based on the robberies of 36
22   and an enhancement under 4 levels because the defendant was an
23   organizer or leader of the robbery conspiracy, and also factors
24   in the enhancements listed under the specific robberies,
25   including specifically I would highlight enhancements with

1    respect to the September 23, 2013 robbery, which includes
2    7 offense levels because a firearm was discharged and 5 offense
3    levels because the victim sustained more than serious bodily
4    injury but less than permanent or life-threatening bodily
5    injury.
6             Unless your Honor has any other terms and conditions
7    you would like me to review.
8             THE COURT:  Thank you.
9             Mr. Robinson, are those the terms and conditions of
10   the agreement, as you understand it?
11            THE DEFENDANT:  Yes, your Honor.
12            THE COURT:  Do you recall, sir, that in this
13   agreement, you and the government have agreed to a stipulated
14   guideline sentence of 240 months?
15            THE DEFENDANT:  Yes, your Honor.
16            THE COURT:  Do you also recall, sir, that in this
17   agreement, you have agreed not to appeal or otherwise litigate
18   a sentence of 240 months' imprisonment?
19            THE DEFENDANT:  Yes, your Honor.
20            THE COURT:  Sir, have you had enough time to review
21   the agreement and to go over it with Mr. Fasulo and to have all
22   of your questions answered?
23            THE DEFENDANT:  Yes, your Honor.
24            THE COURT:  I am holding up the original of the
25   agreement, sir, and I'm turning to the last page.  Is that your

1  signature over there where I'm pointing on the left-hand side
2  under the words "agreed and consented to"?
3             THE DEFENDANT:  Yes, your Honor.
4             THE COURT:  Thank you.
5             Counsel, are there any additional agreements between
6  the government and the defendant that are not set forth in the
7  written plea agreement?
8             MS. GRISWOLD:  No, your Honor.
9             MR. FASULO:  No, your Honor.
10            THE COURT:  The agreement is acceptable to the Court.
11            Mr. Robinson, have you been induced to offer to plead
12  guilty as a result of any fear, pressure, threat, or force of
13  any kind?
14            THE DEFENDANT:  No, your Honor.
15            THE COURT:  Have you been induced to offer to plead
16  guilty as a result of any statements by anyone other than in
17  your written plea agreement to the effect that you would get
18  special treatment or special leniency or some kind of special
19  consideration if you pleaded guilty rather than going to trial?
20            THE DEFENDANT:  No, your Honor.
21            THE COURT:  Do you understand that you have the right
22  to continue in your plea of not guilty and to proceed to trial,
23  if you want to?
24            THE DEFENDANT:  Yes, your Honor.
25            THE COURT:  Do you understand, sir, that if you do not

1    plead guilty, you have a right to a speedy and public trial by
2    a jury of 12 persons?
3             THE DEFENDANT:  Yes, your Honor.
4             THE COURT:  Do you understand that you have the right
5    to be represented by an attorney at trial and at every stage of
6    the proceedings, including an appeal, and if you cannot afford
7    an attorney, one will be appointed to represent you free of
8    charge?
9             THE DEFENDANT:  Yes, your Honor.
10            THE COURT:  Do you understand that if your plea of
11   guilty is accepted, there will be no further trial of any kind?
12            THE DEFENDANT:  Yes, your Honor.
13            THE COURT:  Do you understand that if you pleaded not
14   guilty and went to trial, upon such a trial, you would be
15   presumed innocent unless and until the government proved your
16   guilt beyond a reasonable doubt to all 12 jurors?
17            THE DEFENDANT:  Yes, your Honor.
18            THE COURT:  Do you understand that upon such a trial,
19   you would have the right to confront and cross-examine all of
20   the witnesses called by the government against you?
21            THE DEFENDANT:  Yes, your Honor.
22            THE COURT:  Do you understand that upon such a trial,
23   you could remain silent and no inference could be drawn against
24   you by reason of your silence?
25            THE DEFENDANT:  Yes, your Honor.

1              THE COURT:  Or if you wanted to, sir, you could take
2     the stand and testify in your own defense.
3              THE DEFENDANT:  Yes, your Honor.
4              THE COURT:  And do you understand that at such a trial
5     you would have the right to subpoena witnesses and evidence for
6     your own defense?
7              THE DEFENDANT:  Yes, your Honor.
8              THE COURT:  Do you understand that if your plea of
9     guilty is accepted, you give up these rights with respect to
10    these charges against you and the Court may impose sentence
11    just as though a jury had brought in a verdict of guilty
12    against you?
13             THE DEFENDANT:  Yes, your Honor.
14             THE COURT:  Do you understand that if you wanted to
15    and if the government agreed, you could have a trial before a
16    judge without a jury, in which event the burden of proof would
17    still be on the government, and you would still have the same
18    constitutional rights?
19             THE DEFENDANT:  Yes, your Honor.
20             THE COURT:  Sir, do you understand that upon your plea
21    of guilty to these charges, the Court has the power to impose
22    upon you a maximum sentence of 240 months' incarceration --
23             THE DEFENDANT:  Yes, your Honor.
24             THE COURT:  -- which is 20 years; a maximum period of
25    supervised release of three years; a maximum fine of the

1  greatest of $250,000 or twice the gross pecuniary gain derived
2  from the offense or twice the gross pecuniary loss resulting
3  from the offense, together with a $100 mandatory special
4  assessment?
5         THE DEFENDANT:  Yes, your Honor.
6         THE COURT:  Do you also understand, sir, that in
7  addition to those other punishments that I have just mentioned,
8  upon your plea of guilty to these charges, the Court must order
9  you to make restitution?
10        THE DEFENDANT:  Yes, your Honor.
11        THE COURT:  Sir, do you also understand that if the
12 terms and conditions of supervised release are violated, you
13 might be required to serve an additional period of
14 imprisonment, which is equal to the period of supervised
15 release, with no credit for time already spent on supervised
16 release?
17        THE DEFENDANT:  Yes, your Honor.
18        THE COURT:  Have you discussed the sentencing
19 guidelines with Mr. Fasulo?
20        THE DEFENDANT:  Yes, your Honor.
21        THE COURT:  Do you understand that the Court will not
22 be able to determine exactly what guideline applies to your
23 case until after a presentence report has been completed and
24 you and your attorney and the government have a chance to read
25 it and to challenge the facts that are set out there by the

1    probation officer?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  And do you understand, sir, that in
4    determining a sentence, it is the Court's obligation to
5    calculate the applicable sentencing guidelines range and then
6    to consider that range, possible departures from that range
7    under the guidelines, and other sentencing factors set out in
8    the statute, 18, United States Code, Section 3553(a)?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  And do you understand, sir, that under
11   some circumstances, as set forth in your plea agreement, you or
12   the government might have the right to appeal whatever sentence
13   is imposed?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  And do you understand, sir, that parole
16   has been abolished, so that if you're sentenced to prison, you
17   will not be released on parole?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Do you understand that you will not be
20   able to withdraw your plea on the ground that your lawyer's
21   prediction or anyone else's prediction as to the applicable
22   guidelines range or to the actual sentence turned out not to be
23   correct?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  Do you understand that the offense to

1  which you are pleading guilty is a felony?
2          THE DEFENDANT:  Yes, your Honor.
3          THE COURT:  Are you fully satisfied with the advice,
4  counsel, and representation given to you by your attorney,
5  Mr. Fasulo?
6          THE DEFENDANT:  Yes, your Honor.
7          THE COURT:  And do I correctly understand that you are
8  offering to plead guilty because you are, in fact, guilty?
9          THE DEFENDANT:  Yes, your Honor.
10         THE COURT:  If you wish to plead guilty, sir, I'm
11 going to ask you to tell me what you did.  As you can see, your
12 answers will be made in Mr. Fasulo's presence and your answers
13 will be recorded on the record.
14         THE DEFENDANT:  Yes, your Honor.
15         THE COURT:  I remind you again, you're still under
16 oath, so if you answer falsely, your answers may later be used
17 against you.
18         Do you understand that, sir?
19         THE DEFENDANT:  Yes, your Honor.
20         THE COURT:  Do you still wish to plead guilty?
21         THE DEFENDANT:  Yes, your Honor.
22         THE COURT:  Tell me what you did, Mr. Robinson.
23         THE DEFENDANT:  On July 2013 and January 24, I
24 conspired with others, participated in a conspiracy, robberies,
25 in New York, Connecticut, and New Jersey.  These robberies were

1    of jewelry stores.  I helped to decide where the robberies
2    would take place and planned them.  I got others to help.  I
3    made a participation of phone calls to make these robberies
4    happen.  I benefited by getting process of robberies.  I knew
5    what I was doing was wrong, illegal, and I am very sorry for
6    what happened.
7             THE COURT:  Thank you, sir.
8             Is there anything further by way of allocution,
9    counsel?
10            MS. GRISWOLD:  Yes, your Honor.  If I may set forth
11   the elements of the crime and then proffer a few additional --
12            THE COURT:  Yes, ma'am.
13            MS. GRISWOLD:  Thank you.
14            Count One, which charges conspiracy to commit Hobbs
15   Act robbery has two elements:  First, the existence, at or
16   about the time alleged in the indictment, of the conspiracy to
17   commit robbery; and second, that the defendant knowingly and
18   willfully associated himself with and joined in the conspiracy.
19   Here, the object of the conspiracy was Hobbs Act robbery, which
20   has four elements:  First, that the defendant obtained or took
21   or attempted to obtain or take the property of another; second,
22   the defendant took or attempted to take the property against
23   the victim's will by actual or threatened force, violence, or
24   fear of injury, whether immediate or in the future; third, that
25   such actions actually or potentially in any way or degree

1   obstructed, delayed, or affected interstate or foreign
2   commerce; and fourth, that the defendant acted unlawfully,
3   willfully, and knowingly.
4         Here the proof at trial, were this case to proceed to
5   trial, would include video from certain of the robberies, in
6   which sledgehammers were used to smash the jewelry cases; cell
7   site evidence placing the defendant traveling to and from
8   certain of these robberies and remaining in the vicinity of
9   multiple of these robberies, including robberies in New Jersey
10  and New Canaan, Connecticut; testimony from cooperating
11  witnesses who would testify the defendant planned and organized
12  these robberies; and testimony from victims of certain
13  robberies, including from the September 23, 2013 robbery where
14  a store owner was shot in the course of the robbery.
15        In addition, the government would proffer that the
16  watches that were stolen during these robberies included
17  watches that were sold by the stores that had moved in
18  interstate commerce, including in particular the Rolex brand of
19  watches.
20        THE COURT:  Thank you.
21        Mr. Robinson, this series of robberies that you told
22  me about took place in 2013 and 2014; is that right, sir?
23        THE DEFENDANT:  Yes, your Honor.
24        THE COURT:  And you heard counsel talk about the
25  shooting of a store owner in the September 23, 2013 robbery.

1    That took place; didn't it, sir?
2             THE DEFENDANT:  Yes, your Honor.
3             THE COURT:  And each of these robberies, we are using
4    the word "robbery" to indicate that you and the people you were
5    working with demanded jewelry with a threat of force or the use
6    of force, is that right, sir, from those people?
7             THE DEFENDANT:  Yes, your Honor.
8             THE COURT:  All right, sir.
9             Mr. Fasulo, I take it we have no issue with the
10   interstate commerce element of this charge?
11            THE DEFENDANT:  No, your Honor.
12            THE COURT:  Is there anything further, Ms. Griswold,
13   by way of allocution?
14            MS. GRISWOLD:  No, your Honor.
15            THE COURT:  Mr. Fasulo, do you know of any valid legal
16   defense that would prevail if Mr. Robinson went to trial?
17            MR. FASULO:  I know of none, your Honor.  The Court
18   should be aware that we are scheduled for trial later this
19   month.  We have prepped for trial.  We have looked over the
20   discovery, have done extensive investigation, spent a lot of
21   time with Mr. Robinson.  And after spending a lot of time with
22   him, he voluntarily enters into this plea, well informed of the
23   nature of the government's proof in this case.
24            THE COURT:  Yes, sir.  Therefore, you know of no
25   reason he should not --

1    MR. FASULO:  I'm sorry.  And the answer to the
2 question is no.
3    THE COURT:  All right.  Thank you, sir.
4    The plea is accepted.  It is the finding of the Court
5 in the case of the United States against Sean Robinson that the
6 defendant is fully competent and capable of entering an
7 informed plea and that his plea of guilty is knowing and
8 voluntarily and is supported by an independent basis in fact
9 containing each and every essential element of the offense.  My
10 findings are based upon Mr. Robinson's allocution and, in
11 addition, upon my observations of Mr. Robinson here in court
12 today.
13    The plea of guilty is accepted.  The plea of not
14 guilty is withdrawn.  The plea shall be entered.  The defendant
15 is now adjudged to be guilty of the offense.
16    Mr. Robinson, as you know, you will be required to
17 meet with the probation officer and to give the officer certain
18 information to be included in the presentence report.
19 Mr. Fasulo may be present with you when you meet with the
20 probation officer if you want, but certainly both you and he
21 and the government will have a chance to read that presentence
22 report prior to sentencing.
23    THE DEFENDANT:  Yes, your Honor.
24    THE COURT:  Sentencing will be on?
25    THE CLERK:  August 10, at 11:00 a.m.

F574RobP

1        THE COURT:  Is there anything further today, counsel?
2        MS. GRISWOLD:  Yes, your Honor.  The government would
3   ask that the defendant be asked to admit the forfeiture
4   allegations.
5        THE COURT:  Thank you for reminding me, counsel.
6        Mr. Robinson, in the indictment that we have been
7   looking at, there are forfeiture allegations as to all of the
8   various counts, and essentially what those allegations say is
9   that you shall forfeit all property that was derived from the
10  robberies we have just talked about.
11       Do you understand that, sir?
12       THE DEFENDANT:  Yes, your Honor.
13       THE COURT:  Do you agree to that forfeiture?
14       THE DEFENDANT:  Yes, your Honor.
15       THE COURT:  Is there anything further, Ms. Griswold?
16       MS. GRISWOLD:  No, your Honor.
17       Thank you.
18       THE COURT:  Mr. Fasulo, is there anything else?
19       MR. FASULO:  Nothing else, your Honor.
20       Thank you, your Honor.
21       THE COURT:  Thank you, counsel.
22       (Adjourned)
23
24
25