USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-19-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
SEAN ROBINSON,                 :     14 Cr. 130
                               :     18 Civ. 10238
            Petitioner,        :
                               :     Memorandum and Order
     v.                        :
                               :
UNITED STATES OF AMERICA,      :
                               :
            Respondent.        :
------------------------------x

Loretta A. Preska, Senior United States District Judge:

Pro se Petitioner Sean Robinson ("Robinson" or "Petitioner") filed the instant motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, (Mot. Vacate, Oct. 24, 2018, ECF No. 258, 14 Cr. 130). On April 29, 2019, the Government filed a letter in opposition, (Opp., Apr. 29, 2019, ECF No. 270, 14 Cr. 130).

For the following reasons, Petitioner's motion is denied.

BACKGROUND

Petitioner Sean Robinson was charged with conspiracy to commit Hobbs Act Robbery, several substantive Hobbs Act robberies, and possession of firearms, one or more of which was discharged in connection with the robbery conspiracy. He pleaded guilty only to the conspiracy charge. As part of his plea agreement, the firearms charge was dismissed (a charge that carried a mandatory minimum term of 10 years' imprisonment, to

1

be served consecutively). The plea agreement initially calculated the applicable sentencing guidelines range under U.S. Sentencing Guidelines (U.S.S.G.) as 262 to 327 months imprisonment, but because of a statutory maximum of twenty years, the guidelines range became 240 months. (Opp. at 2). Robinson agreed not to appeal any term of imprisonment at or below 240 months or a term of supervised release less than or equal to the statutory maximum of three years. Id.

Robinson was sentenced to 240 months' imprisonment, to be followed by three years' supervised release, and he was ordered to pay restitution in the amount of $1,106,000. Id.

Robinson appealed to the Court of Appeals, arguing 1) his sentence should be vacated as it was based on an improper calculation of the Guidelines range, 2) his appellate waiver was unenforceable because it was not knowing since he did not know the plea was based on an incorrect Guidelines calculation, and 3) the restitution order should be vacated because it included losses not stipulated in the plea, and to which Robinson had not admitted in his plea allocation, and it was not covered by the appellate waiver in the Plea Agreement. The Court of Appeals granted the Government's request to dismiss Robinson's appeal from his term of imprisonment. United States v. Robinson, 697 Fed.App'x. 732, 734 (2d Cir. 2017). After a briefing on the

2

merits of the restitution issue, the Court of Appeals summarily affirmed the district court's order. Id.

APPLICABLE LAW

A. Procedural Bar

The "mandate rule" bars relitigation of issues already decided on direct appeal. Yick Man Mui v. United States, 614 F.3d 50, 56 (2d Cir. 2010). Thus, to the extent that a Section 2255 motion raises issues that were litigated on direct appeal, a petitioner is procedurally barred from raising them in his Section 2255 motion. See, e.g., United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well-established that a § 2255 petition cannot be used to 'relitigate [issues] which were raised and considered on direct appeal'" (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992))). Moreover, a claim rejected on direct appeal may not later be repackaged as an ineffective assistance claim and asserted in a habeas petition. Yick Man Mui v. United States, 614 F.3d 50 at 55.

B. Ineffective Assistance

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show both that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and (2) there

3

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 689, 694 (1984).

Under the first prong, the reviewing court must overcome the "strong presumption that counsel's conduct falls within the range of reasonable professional assistance," bearing in mind that "[t]here are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Id. at 689. The Defendant's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

Under the second prong, a petitioner must meet the "heavy burden" of showing "actual prejudice." Id. at 692. Satisfying this burden requires showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94. Moreover, "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Accordingly, the second prong of the Strickland test "focuses on

4

the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Id. at 372.

APPLICATION

A. Incorrect Guidelines Calculation

Robinson now contends that he was provided ineffective assistance of counsel because his counsel did not notice that the plea agreement involved an incorrect calculation of the Guidelines. However, on direct appeal, Robinson had previously argued that the error in the Guidelines calculation meant his plea was not knowing and thus not voluntary. The Government argued the error had not rendered the plea invalid because the Court had made clear that Robinson was waiving his right to appeal even if the Guidelines range ended up being different. The Court of Appeals agreed and affirmed. United States v. Robinson, 697 Fed.App'x. at 734.

Robinson's previous argument is substantively identical to his current one, the only variation being that he is now claiming ineffective assistance for counsel's failure to notice the error. This claim has already been rejected by the Court of Appeals and thus is barred by the mandate rule. Yick Man Mui v. United States, 614 F.3d 50 at 56.

5

Even if the claim was not barred, Robinson's claim fails Strickland. Robinson fails to explain how a more accurate Guidelines calculation would have altered the result of his sentence, such that prejudice would be reasonably probable. The Government does not deny the incorrect calculation (the offense level for one robbery should have been 31, not 32 (Opp. at 4), as the maximum cumulative adjustment that could be applied under U.S.S.G. § 2B3.1 cannot exceed 11 levels) yet Robinson claims a dramatically different outcome under the correct calculation, without providing sufficient explanation. First, he claims that the correct calculation would yield a sentence of 57-71 months (Mot. at 19) but does not provide any basis for this calculation. He later claims the appropriate sentence is 153 months based on a reduction of 87 months from the top end of the correct sentencing range (Mot. at 23). However, the original "reduction" down to 240 months was due to maximum statutory sentence, not due to a reduction of 87 months specifically.

In fact, the correct calculation would have yielded a suggested sentence minimum of 235 months, only five months less than the sentence Robinson received. As the Government points out, if Robinson agreed to plead guilty and waive his appellate rights with the understanding that the applicable Guidelines sentence was 240 months (which he did) (Opp. at 5), then he likely

6

would have pled guilty with the understanding that his Guidelines range was a *lower* range than the one to which he actually pled.

Robinson also contends that he was provided ineffective assistance because his counsel did not challenge the validity of the restitution order. (Mot. at 32). This claim is also barred by the mandate rule because the validity of the restitution order was challenged on direct appeal. The Court of Appeals ordered the Government to file a brief on the merits of the restitution argument and then summarily affirmed the district court's order. United States v. Robinson, 697 Fed.App'x. at 734.

B. Supervised Release

Robinson also challenges the imposition of three years' supervised release (Mot. at 32), however he provides no support for this argument other than that the three years of supervised release were not challenged by his counsel. He does not provide any basis for his claim that by failing to challenge this his defense counsel made an error outside the "wide range of reasonable professional assistance" (Strickland, 466 U.S. at 689) nor does he pay any attention to "whether the result of the proceeding was fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364 at 369. Thus the presumption that counsel's conduct was reasonable has not been overcome.

7

C. Sentencing Hearing

Robinson contends counsel was ineffective for failing to participate in review of the Presentence Investigation Report (PSR) (Mot. at 29) and that he directed counsel to object during sentencing. (Mot. at 31). The transcript shows that defense counsel said both he and the Petitioner had adequate time to review the report and that they did not have any objections. (Opp. Ex. B at 2). Petitioner was given an opportunity to address the court and did not raise any issues about the PSR, his opportunity to review it with counsel, or any other objections. (Id. at 11-12). Petitioner and his counsel's behavior does not overcome the "strong presumption" that the counsel's conduct was reasonable. Strickland, 466 U.S. at 688.

D. Plea Agreement Under Rule 11(C)(1)(C)

Robinson claims a more reasonable plea than the one he received would be one pursuant to the Fed. R. Crim. P. 11(c)(1)(C) and that his counsel was ineffective for failing to obtain this. (Mot. at 25-26). This claim fails the Strickland test. As noted, "[t]here are countless ways to provide effective assistance in any given case." Strickland, 466 U.S. at 689. The mere existence of options for counsel to pursue when obtaining a plea is not enough on its own to overcome the presumption of reasonable conduct.

8

E. Guidelines Enhancement For A Dangerous Weapon

Robinson claims the Guidelines calculation was improperly enhanced for use of a weapon (Mot. at 33) but gives no explanation for why the calculation was incorrect. There is no basis in the record to support that it was. Robinson confirmed in his plea proceeding both the existence of a shooting during one of the robberies, as well as confirming his understanding that the plea agreement involved pleading to conduct involving a firearm. (Opp. at 6).

It is possible Robinson is referring to the fact that the maximum cumulative adjustment that could be applied under U.S.S.G. § 2B3.1 cannot exceed 11 levels, which was improperly done (as acknowledged by the Government). However, as previously addressed, this issue is barred by the mandate rule because it was already raised on direct appeal. <u>Yick Man Mui v. United States</u>, 614 F.3d 50 at 56.

CONCLUSION

For the foregoing reasons, Petitioner's Section 2255 motion (No. 18-cv-10238, ECF No. 1; No. 14-cr-0130-08, ECF No. 258) is denied in its entirety. The Court declines to issue a Certificate of Appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: New York, New York
June 19, 2019

*Loretta A. Presley*
LORETTA A. PRESKA
Senior United States District Judge